**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
HELENA   DIVISION

|  |  |  |
|---|---|---|
| HELENA CHEMICAL COMPANY | * | |
| Plaintiff | * | |
| VS. | * | NO: 2:07CV00081   SWW |
| EARL D. COX and IRMA LEE COX | * | |
| Defendants | * | |

**ORDER**

Plaintiff Helena Chemical Company ("HCC") brings this action pursuant to the Court's diversity jurisdiction, claiming that Defendants Earl D. and Irma Lee Cox breached a guaranty agreement.  Before the Court is HCC's motion for summary judgment (docket entry #7) and the Defendants' response in opposition (docket entry #12).  After careful consideration, and for the reasons that follow, the motion for summary judgment will be denied.

I.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  As a prerequisite to summary judgment, a moving party must

1

demonstrate "an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Once the moving party has properly supported its motion for summary judgment, the non-moving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The non-moving party may not rest on mere allegations or denials of his pleading but must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 587 (quoting Fed. R. Civ. P. 56(e)).           "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399, 401 (8th Cir. 1995).

## II.

On March 24, 2006, Triple C Ranch ("Triple C"), by Lee Cox, entered into a credit sales agreement with HCC.  *See* docket entry #7, Ex. A.  On April 7, 2006, Libby Cox[1] and Defendants Earl D. Cox and Irma Lee Cox executed a guaranty agreement, personally guaranteeing the payment and satisfaction of any and all indebtedness of Triple C  to HCC.  *See* docket entry #1, Ex. #1.  During the 2006 crop season, Triple C purchased agricultural supplies from HCC pursuant to the aforementioned credit sales agreement. HCC alleges that Triple C failed and refused to pay $124,635.17 owing on its open account, and Defendants refused to pay Triple C's debt as required under the guaranty agreement.

In opposition to summary judgment, the Coxes assert that HCC failed to credit Triple C

---

[1] Libby Cox signed the guaranty agreement as a guarantor and Lee Cox signed as a witness.  See docket entry #1, Ex. #1.

for all payments made, and they submit the affidavit of Lee Cox (docket entry #12, Ex. #1). Lee Cox states that in 2006 he operated two separate farming enterprises: Triple C and Lee Cox Farms Partnership. Also in 2006, Lee Cox and Libby Cox filed for Chapter 12 bankruptcy as partners of the Lee Cox Farm Partnership. Lee Cox states that he paid the debts of Triple C and Lee Cox Farms Partnership through the entities' separate bank accounts, but after he filed for bankruptcy relief, HCC "decided that it would handle payments from both farming entities on a single account." *Id.*, ¶ 4. Cox claims that HCC billed Triple C's account for goods purchased for Lee Cox Farms Partnership. According to Lee, Triple C actually overpaid HCC.

If Triple C's debt has been paid or otherwise satisfied, Defendants' obligations have been extinguished. *See National Bank of Eastern Arkansas v. Collins*, 236 Ark. 822, 370 S.W.2d 91 (1963). Although it is undisputed that Defendants personally guaranteed the payment and satisfaction of Triple C's debt to HCC, Defendants have come forward with evidence sufficient to create a genuine issue of material fact as to whether Triple C satisfied its debt to HCC. Accordingly, the Court finds that Plaintiffs are not entitled to summary judgment.

IT IS THEREFORE ORDERED that Plaintiff's motion for summary judgment (docket entry #7) is DENIED.

IT IS SO ORDERED THIS 1ST DAY OF NOVEMBER, 2007.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE